NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN VAN DAO,<br><br>        Petitioner,<br><br>  vs.<br><br>R. GROUNDS, Warden,<br><br>        Respondent. | No. C 10-04531 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole Hearings ("Board") in 2009. Petitioner has paid the filing fee.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Order of Dismissal; Denying COA
P:\PRO-SE\SJ.JF\HC.10\Dao04531_dism-parole.wpd

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

Petitioner claims that the Board's decision finding him unsuitable for parole violates due process because they relied "on factual evidence not demonstrating he cur[r]ently posses an unreasonable threat to public safety if released." (Pet. at 7.) Petitioner also claims that the retroactive application of California's Proposition 9, the "Victim's Bill of Rights Act of 2008: Marsy's Law," which modified the availability and frequency of parole hearings, violates ex post facto and due process. (Id. at 16.)

For the purposes of habeas federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. Swarthout v. Cooke, No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons why parole was denied. Id. The attachments to the petition show that petitioner received at least this amount of process. The Constitution does not require more. Id. at 5.

Whether the Board's decision was supported by some reliable evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 6. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the petitions fails to state a cognizable claim for relief.

Petitioner's claim that the Board violated ex post facto is also without merit in light of the Ninth Circuit's recent decision in Gilman v. Schwarzenegger, No. 10-

15471, slip op. 1339 (9th Cir. Jan. 24, 2011), explicitly rejecting an ex post facto challenge to Proposition 9.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: 3/31/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AN VAN DAO,

        Petitioner,

v.

R. GROUNDS, Warden,

        Respondent.

Case Number: CV10-04531 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/7/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

An Van Dao E-28538
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: 4/7/11

Richard W. Wieking, Clerk